# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CINDY R. TINSLEY,** ) | |
| ) | **Case No:** _____ |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Judge** _____ |
| ) | **Magistrate Judge** _____ |
| ) | |
| ) | **JURY DEMAND** |
| **CATERPILLAR FINANCIAL SERVICES** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Cindy R. Tinsley (hereafter "Plaintiff" or "Ms. Tinsley"), by and through counsel, and respectfully submits her Complaint against Defendant, Caterpillar Financial Services Corporation (hereafter "Defendant" or "Caterpillar Financial"); and in support thereof would allege as follows:

### I.     PARTIES

1. Plaintiff, Cindy R. Tinsley, is a resident of Maury County, Tennessee.

2. Defendant, Caterpillar Financial, is a for-profit corporation registered to conduct business in the state of Tennessee. Defendant's principal office is located at 2120 West End Avenue, Nashville, TN 37203-5251, and does business at that address.

3. Defendant can be served through its registered agent, Leslie S. Zmugg, at 2120 West End Avenue, Nashville, TN 37203-5251.

4. Defendant employs currently, and did employ at the time this action accrued, more than 500 employees.

1

## II. JURISDICTION AND VENUE

5. This action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Tennessee Human Rights Act T.C.A. §4-21-101 *et seq.*

6. All of the events complained of herein occurred in this Judicial District and the Defendant is an entity contained herein, which gives rise to venue in this district under 28 U.S.C. §1391(b).

7. This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States. The actions which violate the ADA and FMLA were committed in Davidson County, Tennessee where the Plaintiff worked for the Defendant and the Defendant's place of business there.

8. This Court also has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between Plaintiff's state and federal law claims.

## III. FACTS

9. Defendant is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

10. Plaintiff was employed by Defendant as a Business Systems Analyst III.

11. Around April of 2015, Plaintiff sought medical treatment for the stress and anxiety brought on by the extreme pressures and working conditions she endured working for Defendant.

12. During the summer of 2015, Plaintiff performed her job adequately despite the excessive workload given to her by Defendant.

13. Plaintiff raised concerns to her supervisor, Paul Kaikaris, concerning the excessive working conditions and her inability to continue to work in the office past 4:30 pm prior to her taking FMLA leave.

14. In September of 2015, Plaintiff suffered from an acute attack of Post-Traumatic-Stress Disorder ("PTSD"), resulting in great emotional and physical pain.

15. On or around September 22, 2015, Plaintiff was certified for FMLA leave by her doctor.

16. Plaintiff was diagnosed with anxiety brought on by her PTSD and was prescribed time off work and to continue with therapy and medication.

17. Plaintiff took approved FMLA leave starting on or around September 28, 2015.

18. While on FMLA leave, Plaintiff had contacted Defendant's Office of Business Practices to discuss the unmanageable work conditions she was experiencing.

19. Plaintiff's concerns were forwarded to Defendant's office of Corporate Human Resources for review.

20. Plaintiff returned to work from being on FMLA leave on or around October 7, 2015 with a physician release that strongly recommended Plaintiff return to work in a different work environment and specifically under a different manager.

21. In October 2015, Plaintiff was reassessed by her physician and given a rating of "Impairment significantly affects ability to function," in Plaintiff's ability to perform simple and repetitive tasks, maintain work pace, respond appropriately to supervision, make independent decisions, carry out responsibilities, perform complex tasks, supervise others.

22. Plaintiff requested a reasonable accommodation after returning to work, requesting that she report to a different manager or for extended leave.

23. Receiving no response to her request for an accommodation, Plaintiff took vacation time as she did not otherwise have a secured position with Defendant.

24. After returning, Plaintiff was informed that she was required to take early retirement or otherwise resign or else face termination.

25. The option to take early retirement was offered at a significant economic loss to Plaintiff.

26. A copy of Plaintiff's October 2015 reassessment was faxed to Defendant on October 28, 2015.

27. As an accommodation for Plaintiff's disability she requested additional leave while under her doctor's care and to report to a different supervisor.

28. Plaintiff filed a charge of discrimination with the EEOC on December 21, 2015 citing retaliation by Defendant due to Plaintiff's disability.

29. Plaintiff amended her charge to the EEOC on January 11, 2016, after Defendant forced Plaintiff to choose between being terminated or taking early retirement.

30. Plaintiff was constructively discharged in January 2016.

## IV. COUNTS

**Count 1: Violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*:**

31. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

32. Defendant is an employer within the meaning of the FMLA.

33. Plaintiff was a qualified employee under the FMLA.

34. Plaintiff suffered an adverse employment action of being forced to retire or be terminated when attempting to return from protected FMLA leave.

35. Defendant's ultimatum of retirement or termination is causally related to Plaintiff engaging in protected FMLA leave.

**Count 2: Violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.***

1. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

2. Defendant is an employer within the meaning of the Americans with Disabilities Act ("ADA"), as amended.

3. Plaintiff is an individual with a disability as defined by the ADA, as amended.

4. Plaintiff alleges that the intentional acts and omissions of Defendant as described herein constitute violations of the ADA which entitle her to compensatory damages, reinstatement, front pay, back pay, and attorney's fees and costs.

5. Plaintiff was qualified to perform her position as Business System Analyst III.

6. Plaintiff requested a reasonable accommodation for her disability of Anxiety and Post-Traumatic-Stress Disorder which substantially limited several of her life activities.

7. Defendant refused to accommodate Plaintiff and thereafter forced Plaintiff into a constructive discharge.

8. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer loss of income and other

employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## PRAYER FOR RELIEF

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive Damages;

3. Attorney's fees and the costs of the litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and

7. That Plaintiff be granted such other, further, or general relief to which she may be entitled as this Court deems proper.

Respectfully submitted;

**ANDY L ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
Andy L. Allman, # 17857
131 Saundersville, Rd., Suite 110
Hendersonville, TN 37075
Telephone: (615) 933-0110
Fax: (615) 265-8766
andy@andylallman.com

*Counsel for Plaintiff*